# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Christopher C.,[1]     No. 20-cv-2114-KMM

        Plaintiff,

v.     **ORDER**

Andrew Saul,

        Defendant.

---

      On June 28, 2021, the Court received a filing from the Plaintiff, Christopher C., titled "Stipulated Dismissal." ECF No. 27. In the Stipulated Dismissal, Mr. C requests that his action against the Commissioner of Social Security be withdrawn "under the following stipulations"—"(1) Any and all overpayments will be waived and or dismissed as having the debt would cause major financial hardship to myself and my family." *Id.* Mr. C states that the "dismissal is not contested by the office of general counsel." *Id.* However, counsel for the Defendant has responded to the Stipulated Dismissal and clarified that no agreement was reached as to dismissal of this action subject to the condition referenced in Mr. C's filing, or any other condition. ECF No. 28.

      Federal Rule of Civil Procedure 41 governs voluntary dismissals of actions. Here, however, the "Stipulated Dismissal" cannot reasonably be construed as a notice of dismissal under Rule 41(a)(1) because an answer has already been filed and the document is not signed by all parties. Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). Although the Court can appreciate Mr. C's interest in obtaining an order waiving the Social Security Agency's ability to recover any overpayments, the record here does not suggest that the parties reached an agreement as to that condition. Accordingly, the Court does not consider Mr. C's proposed terms "proper" for inclusion in any dismissal order. Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms

---

[1]     The plaintiff is referred to in this Order as "Christopher C." or "Mr. C" pursuant to a policy adopted by the United States District Court for the District of Minnesota for cases such as this, the aim of which is to provide greater privacy protection to the claimant.

that the court considers proper."). For these reasons, the Court declines to enter an order dismissing this case subject to the condition requested by Mr. C in his "Stipulated Dismissal" filing.

Because Mr. C is representing himself in this case, the Court will clarify the effect of this decision. If the parties reach an agreement as to the resolution of this case and file a stipulation of dismissal that is signed by all parties, the Court will revisit a request for dismissal. In the meantime, without any indication that a stipulation of dismissal has been reached, the litigation must move forward.

In his Complaint, Mr. C asserts that the Defendant erred in denying his disability application by giving no weight to his physical limitations as described by multiple treating physicians. ECF No. 1. The Defendant filed an Answer and a certified copy of the Social Security Administrative Record on June 8, 2021. ECF Nos. 24, 25. The procedures for Social Security Cases like this are governed by District of Minnesota Local Rule 7.2, which Mr. C can review by visiting the District's public website.[2] Under Local Rule 7.2(c)(1), Mr. C is required to file and serve a motion for summary judgment and a supporting memorandum "[w]ithin 60 days after the Commissioner of Social Security serves the answer and administrative record…."

Based on the foregoing, Mr. C is reminded that his summary-judgment motion and supporting memorandum **shall be due on Monday, August 9, 2021**.[3] If Mr. C fails to file a motion for summary judgment and a supporting memorandum on or before this due date, he is further cautioned that his case may be dismissed for failure to prosecute.

Date: July 13, 2021

                  *s/Katherine Menendez*
                  Katherine Menendez
                  United States Magistrate Judge

---

[2] https://www.mnd.uscourts.gov/sites/mnd/files/LR-7-2.pdf.

[3] Sixty days from June 8, 2021 is Saturday, August 7, 2021, so the deadline for filing moves to the following Monday. Fed. R. Civ. P. 6(a)(1)(C) (providing that a time period stated in days includes "the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").